Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff PACIFIC COAST VIDEO, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST VIDEO, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Washington Corporation; APPLE, INC., a California Corporation; NETFLIX, INC., a Delaware Corporation; PBS DISTRIBUTION, a Virginia business entity individually and d/b/a "PBSd"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>***JURY TRIAL DEMANDED*** |

- 1 -

COMPLAINT

Plaintiff PACIFIC COAST VIDEO, INC. ("PCV"), for its Complaint against Defendants AMAZON.COM, INC. ("AMAZON"); APPLE, INC. ("APPLE"); and NETFLIX, INC. ("NETFLIX") and PBS DISTRIBUTION, individually and doing business as "PBSd" ("PBSd") (collectively, "Defendants"), hereby alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under 17 U.S.C. § 501 and for unfair competition arising under California Business & Professions code §§ 17200 *et seq.* and under the common law of the State of California.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. This Court has personal jurisdiction over Defendants by virtue of each Defendant's systematic and continuous contacts with California and by the actions in California giving rise to this Complaint, including in this Judicial District.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## II. THE PARTIES

5. PCV is a California corporation having its principal place of business at 635 Chapala Street, Santa Barbara, California 93101.

6. PCV is informed and believes, and thereupon alleges, that Defendant AMAZON is a corporation organized under the laws of the state of Washington having its principal place of business at 410 Terry Avenue North, Seattle, WA 98109 and is doing business in and with the state of California.

COMPLAINT

7. PCV is informed and believes, and thereupon alleges, that Defendant APPLE is a corporation organized under the laws of the state of California having its principal place of business at 1 Infinite Loop, Cupertino, CA 95104.

8. PCV is informed and believes, and thereupon alleges, that Defendant NETFLIX is a corporation organized under the laws of the state of Delaware and having its principal place of business at 100 Winchester Cir, Los Gatos, CA 95032.

9. PCV is informed and believes, and thereupon alleges, that Defendant PBSd is a business entity organized under the laws of the state of Virginia and having its principal place of business at 10 Guest Street, Boston, MA 02135.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated

in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby

### III. BACKGROUND

#### A. Plaintiff Pacific Coast Video

12. Gordon Forbes, the principal of PCV, has been involved with the filming, directing, and production of television programming since 1974, the year that PCV was founded. Mr. Forbes' devotion to the craft has led to over 40 hours of PCV's programming being broadcast on various television networks. In particular, PCV gained notoriety from its one-of-a-kind work with the U.S. Navy SEALs.

13. Mr. Forbes began his relationship with the U.S. Navy SEALs in 1988 by arranging a visit to the Naval Special Warfare Command in Coronado, California. Specifically, Mr. Forbes first went to the Basic Underwater Demolition/SEAL center ("BUD/s"), the recruit training program for the Navy SEALs. Subsequently, the commanding officers agreed to allow Mr. Forbes to visit regularly to learn how the BUD/s training was structured. And by 1989, the commanding officers further agreed to allow Mr. Forbes and PCV to film that training. The Naval Special Warfare BUD/s command's objectives were to attract qualified recruits looking for a challenge, to show the outside world what becoming a Navy SEAL entailed, and to provide an unclassified look at SEAL team capabilities. PCV's objectives were to create a series of documentaries for broadcast on cable television.

14. The commanding officers of the BUD/s center and the Naval Special Warfare command agreed to allow Mr. Forbes to film the various

training scenarios and events as they occurred.  The arrangement was that all interviews with individual SEAL candidates and SEAL team members were to be conducted only with the permission of the interviewees, that all production expenses were to be borne by PCV (which included commercial travel, rental production equipment, and lodging), and that the resultant footage, and all rights therein, would remain the exclusive the property of PCV.

15.   This arrangement established the basis for Mr. Forbes' career of working with the U.S. Navy Special Warfare community for the next 12 years.  The BUD/s executive officer invited Mr. Forbes to film the "Hell Week" part of the BUD/s training.  Mr. Forbes accepted the invitation wholeheartedly and thereafter filmed the first BUD/s "Hell Week" evolution ever produced by anyone, either military or civilian.

16.   That Hell Week footage was included in "Navy SEALs: Underwater Warriors," which PCV produced, directed, wrote, and filmed the footage for.  Indeed, that show was nominated in 1989 for a local Emmy award for editing.  All footage for this program and from the shoot is the property of PCV.

17.   Over the course of the 12 years that Mr. Forbes worked with the U.S. Navy Special Warfare community, he traveled, at his expense, to film various SEAL teams in locations such as Coronado, California; Kodiak Island, Alaska; New Orleans, Louisiana; Panama Canal, Panama; San Clemente Island, California; Fort Benjamin Harrison, Montana; Camp Pendleton, California; Blackwater, North Carolina; Monterrey, California; AP Hill, Virginia; Ft. Pickett, Virginia; Mississippi River, Louisiana;  Norfolk, Virginia; Yuma, California; Piney Island, North Carolina; Niland, California; Ft. Benjamin Harrison, Montana; Norway; Chile; Bahrain; and the Persian Gulf.

COMPLAINT

18. Indeed, Mr. Forbes performed 18 dives with SEAL Teams in Coronado Bay, the Persian Gulf, Bahrain, and the Santa Barbara Channel. In addition, Mr. Forbes filmed over a dozen platoon Immediate Action live fire drills, as well live fire drills for man down drills, jungle patrols, land and underwater explosive training, simulated ambushes, Australian Peel, helicopter insertion on land and sea, live fire drills with Chilean Navy, double and single duck insertions from C-130 and helicopter, both in Pacific, Atlantic, and Panama Canal Zone, live fire training with helicopter units at Ft. Pickett, hostage rescue, kill house SWAT drills, obstacle course drills, and inter-service operations with Army and Marine units, and finally three Hell Weeks - BUD/s Classes 163, 196, and 234.

19. PCV's unprecedented footage of the Navy SEALs resulted in the production of "Silent Option," an Emmy-award-winning documentary first shown on Discovery Channel in December 1996.

**B.** **Plaintiff Pacific Coast Video's Copyrights**

20. PCV, as the author of "Naval Special Warfare Brief 1," (also known as "NSW 1"), "Naval Special Warfare Brief 2," (also known as "NSW 2"), "U.S. Navy SEALs: Direct Action," "In Harm's Way," "U.S. Navy SEALs: Silent Option," and "Hell Week" (collectively, the "PCV WORKS") is the owner of the copyrights pursuant to 17 U.S.C. § 201(a).

21. PCV has complied with the copyright laws of the United States and has secured copyrights and the exclusive rights and privileges offered by such copyrights in the PCV WORKS. Specifically, on or about February 27, 2015, PCV registered with the United States Copyright Office its copyright in "Naval Special Warfare Brief 1" as Registration No. PAu 3-769-778; on or about February 25, 2015, PCV registered with the United States Copyright Office its

copyright in "Naval Special Warfare Brief 2" as Registration No. PAu 3-768-002; on or about April 22, 1999, the United States Copyright Office recorded PCV's registration of its copyright in "Navy SEALs: In Harm's Way" as Registration No. V3433D360; and on or about January 20, 2000, the United States Copyright Office recorded PCV's registration of its copyright in "Hell Week" as Registration No. V3449D676.

22. On or about February 22, 2016, PCV filed an application to register its copyright in "U.S. Navy SEALs: Silent Option" with the United States Copyright Office. On or about April 29, 2016, PCV filed an application to register its copyright in "U.S. Navy SEALs: Direct Action" with the United States Copyright Office. PCV will seek to amend the complaint once it has confirmation of registration for "U.S. Navy SEALs: Silent Option" and "U.S. Navy SEALs: Direct Action."

**C.     Defendants' Wrongful Acts**

23. Without permission or authority from PCV, Defendants AMAZON, APPLE, NETFLIX, and PBSd have infringed and continue to infringe the PCV WORKS by various acts, including making "Navy SEALs - Their Untold Story" available for distribution, streaming, rental and/or purchase on Netflix, Amazon Video, and Apple iTunes, and by selling DVD copies on Amazon.com, Amazon's retail website.

24. PCV is informed and believes, and thereupon alleges, that AMAZON, APPLE, NETFLIX, and PBSd have profited by streaming and/or selling "Navy SEALs - Their Untold Story."

## IV. FIRST CLAIM FOR RELIEF

### Copyright Infringement under 17 U.S.C. § 501 Against All Defendants

25. PCV hereby repeats, realleges, and incorporates by reference Paragraphs 1-41 of this Complaint as though fully set forth herein.

26. This is a claim for copyright infringement in violation of 17 U.S.C. § 501.

27. PCV is the owner of the copyrights in the PCV WORKS, which contain copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

28. PCV has complied in all respects with 17 U.S.C. §§ 102 et seq., the statutory deposit and registration requirements thereof, and all of the laws governing federal copyrights, to secure the exclusive rights and privileges in and to the PCV WORKS.

29. PCV is informed and believes, and on that basis alleges, that Defendants AMAZON, APPLE, NETFLIX, and PBSd have willfully and deliberately infringed PCV's copyrights in the PCV WORKS by copying and distributing portions of the PCV WORKS.

30. PCV is informed and believes, and on that basis alleges, that Defendants have made profits and have been unjustly enriched by reason of their infringement of PCV's copyrights in the PCV WORKS.

31. As a direct consequence of Defendants' aforementioned acts, PCV has been damaged in an amount to be determined through discovery.

32. As a direct consequence of Defendants' aforementioned acts, PCV's ability to generate revenue by licensing the PCV WORKS has been greatly impaired.

33. As a direct consequence of Defendants' aforementioned acts, PCV's reputation of has been damaged.

- 8 -
COMPLAINT

34. As a direct consequence of Defendants' aforementioned acts, PCV has suffered, and will continue to suffer, irreparable injury. Such damage and irreparable injury will continue and will increase unless and until Defendants are enjoined from their wrongful acts.

## V. SECOND CLAIM FOR RELIEF
### (Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

35. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales, streaming, or broadcasts featuring the PCV WORKS as alleged herein.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

38. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

COMPLAINT

39. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the PCV WORKS. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the PCV WORKS, in an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## VI. **DEMAND FOR JUDGMENT**

WHEREFORE, PCV demands judgment against Defendants as follows:

A. That the Court enter judgment in favor of PCV and against Defendants on all claims for relief alleged herein;

B. That the Court enter judgment that Defendants have violated the provisions of 17 U.S.C. § 501;

C. That Defendants be adjudged to have unfairly competed with PCV under Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

D. That Defendants be adjudged to have unfairly competed with PCV under the common law of the State of California;

E. That Defendants, their officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    i. using PCV's copyrights in any manner without authorization from PCV; and

    ii. unfairly competing with PCV in any manner whatsoever;

F. That Defendants be required to account to PCV for any and all profits derived by Defendants and all damages sustained by PCV by virtue of Defendants' acts complained of herein;

G. That Defendants be held liable and ordered to pay over to PCV all damages that PCV has sustained as a consequence of the acts complained of herein, subject to proof at trial, and that PCV be awarded the profits of Defendants derived by reason of said acts or statutory damages, whichever are greater, or applicable, all as determined by said accounting for;

H. That PCV recover its costs, attorney's fees, and expenses of this action from Defendants pursuant to 17 U.S.C. § 505; and

I. That PCV be awarded such other and further relief as this Court may deem just and proper.

///

COMPLAINT

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

                                       Respectfully submitted,

Dated: November 10, 2017     By:   */s/ Trevor W. Barrett*
                                                Scott A. Burroughs, Esq.
                                                Trevor W. Barrett, Esq.
                                                DONIGER / BURROUGHS
                                                Attorneys for Plaintiff

COMPLAINT